LINK: 7
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3200 GAF (JCGx) | Date | June 16, 2011 |
|---|---|---|---|
| Title | Marcos S Silva et al v. Wells Fargo Bank NA et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**       **(In Chambers)**

## ORDER RE: MOTION TO REMAND

### I. INTRODUCTION AND BACKGROUND

On March 15, 2011, Plaintiffs Marcos Silva and Maria Loro ("Plaintiffs") filed this suit against Wells Fargo Bank, N.A. ("Wells Fargo"); Cal-Western Reconveyance Corporation ("Cal-Western"); New Century Mortgage Corporation ("New Century"); and U.S. Bank National Association ("U.S. Bank") in Los Angeles County Superior Court.  (Docket No. 1, Not. of Removal, Ex. 1 [Compl.].)  Plaintiffs assert state-law claims for wrongful foreclosure and for violations of the California Unfair Competition Law ("UCL"), as well as a claim for declaratory relief.  (Compl. ¶¶ 23–70.)

On April 14, 2011, Defendants Wells Fargo and U.S. Bank ("Removing Defendants") removed the case to this Court on the purported basis of diversity jurisdiction.  (Not. ¶ 1.)  In the Notice of Removal, Removing Defendants contend that Plaintiffs are citizens of California, that Wells Fargo is a citizen of South Dakota, and that U.S. Bank is a citizen of Ohio.  (Id. ¶¶ 6–8.)  Removing Defendants contend that the states of citizenship of the other two defendants, Cal-Western and New Century, are irrelevant for purposes of determining whether diversity of citizenship exists in this case.  (Id. ¶¶ 9–10.)  First, Removing Defendants explain that Cal-Western is not a real party in interest, but rather is merely the trustee on Plaintiffs' Deed of Trust.  (Id. ¶ 9.)  Indeed, Removing Defendants note, Cal-Western filed a Declaration of Non-Monetary Status in Superior Court.  (Id.)  As such, Removing Defendants contend, Cal-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3200 GAF (JCGx) | Date | June 16, 2011 |
|---|---|---|---|
| Title | Marcos S Silva et al v. Wells Fargo Bank NA et al | | |

Western's citizenship is irrelevant. (Id.) Second, Removing Defendants contend that New Century's citizenship can be disregarded because it was "apparently named for the sole purpose of defeating diversity." (Id. ¶ 10.) According to Removing Defendants, "[t]here are no allegations of wrongdoing or liability asserted against New Century anywhere in Plaintiff's Complaint." (Id.)

On May 25, 2011, Plaintiffs moved to remand this case to state court on the ground that the Notice of Removal does not establish that diversity jurisdiction exists in this case. (Docket No. 7.) For the reasons set forth below, the Court **GRANTS** the motion.

## II. DISCUSSION

### A. STANDARD FOR REMOVAL UNDER 28 U.S.C. § 1441

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. See 28 U.S.C. § 1441(a). Generally speaking, the two ways a party may bring a case within the jurisdiction of the federal courts are: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:2, at 2A-1 (2006). Federal courts have jurisdiction on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "[J]urisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

### B. APPLICATION

Plaintiffs do not dispute that the amount in controversy in this case exceeds $75,000. Rather, Plaintiffs challenge the removal only on the ground that Removing Defendants have failed to establish that complete diversity exists. The Court considers the citizenship of each party in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3200 GAF (JCGx) | Date | June 16, 2011 |
|---|---|---|---|
| Title | Marcos S Silva et al v. Wells Fargo Bank NA et al | | |

### 1. PLAINTIFFS

Plaintiffs do not dispute that they are citizens of California. (See generally Mem.; Not. ¶ 6.) Thus, for diversity jurisdiction to exist, no defendant can also be a citizen of California.

### 2. WELLS FARGO

Wells Fargo is a national banking association. (Not. ¶ 7.) National banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has held that a national banking association is "located" in "the State designated in its articles of association as its main office." Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006). District courts have split on whether a national banking association is also "located" in the state of its principal place of business. Compare Tse v. Wells Fargo Bank, N.A., No. 10-4441, 2011 WL 175520, at *2 (N.D. Cal. Jan. 19, 2011) ("[T]he test for a national bank's citizenship under section 1348 is determined solely by the location of its main office designated in its articles of association"); DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1123–24 (N.D. Cal. 2010); with Saberi v. Wells Fargo Home Mortg., No. 10-1985, 2011 WL 197860, at *3 (S.D. Cal. Jan. 20, 2011) (holding that national bank was "a citizen of both the state in which it has designated its main office and the state where it has its principal place of business"); Mount v. Wells Fargo Bank, N.A., No. 08-6298, 2008 WL 5046286, at *1 (C.D. Cal. Nov. 24, 2008) (same).

This Court recently addressed this question in Narges Kasramehr v. Wells Fargo Bank NA et al, No. 5:11-cv-00551-GAF-OP. For the reasons set forth in the Court's May 17, 2011, Order in that case, the Court concludes that a national banking association is a citizen only of the state in which its "main office" is located. See Order Vacating Order to Show Cause Re: Diversity Jurisdiction, Narges Kasramehr v. Wells Fargo Bank NA et al, No. 5:11-cv-00551-GAF-OP, Docket No. 11 (May 17, 2011). Wells Fargo's main office is in South Dakota. (Not. ¶ 7.) It is accordingly a citizen of South Dakota.

### 3. U.S. BANK

U.S. Bank is also a national banking association. (Not. ¶ 8.) According to the Notice of Removal, its main office is in Ohio. (Id.) Plaintiffs contend, without citation or elaboration, that "[s]uch allegations are plainly insufficient." (Mem. at 7.) This is incorrect. As explained above, a national banking association is a citizen of the state in which the main office designated in its articles of association is located. See Schmidt, 546 U.S. at 318. Thus, alleging that U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3200 GAF (JCGx) | Date | June 16, 2011 |
|---|---|---|---|
| Title | Marcos S Silva et al v. Wells Fargo Bank NA et al | | |

Bank is a national banking association with its main office in Ohio suffices to allege that U.S. Bank is a citizen of Ohio.

  Plaintiffs further object that Removing Defendants offered no evidence as to U.S. Bank's citizenship "and thus failed to meet their burden of proving the existence of complete diversity." (Mem. at 7.) This argument misses the mark. Under 28 U.S.C. § 1446, a notice of removal need only be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and contain[] a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Nothing in the statute requires a removing defendant to submit evidence in support of its jurisdictional allegations. Rather, mere allegations suffice: "[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008) (internal quotations, alteration, and citation omitted).

  To the extent that Plaintiffs dispute that U.S. Bank's main office is actually in Ohio, the Court notes that Removing Defendants have provided evidence of this along with their opposition to the motion to remand. In particular, Removing Defendants have provided the Court with a print-out from the Federal Deposit Insurance Corporation's (FDIC's) website that lists the main office of U.S. Bank. (Docket No. 14, Request for Judicial Notice, Ex. B.) Plaintiffs contend that this evidence is not the proper subject of judicial notice given that Removing Defendants have not provided any foundation for the authenticity of "http://www2.fdic.gov" as opposed to "http://www.fdic.gov" and given that the print-outs do not include the full URL. (Reply at 6.) These arguments are frivolous, and the Court will not address them. Plaintiffs' counsel asserts that he was "unable to locate the purported webpages . . . despite spending nearly one hour" searching. (Reply at 6–7.) The Court was able to locate the webpage in less than 60 seconds and can confirm that the FDIC does in fact list U.S. Bank as having its main office in Ohio.

  Removing Defendants have adequately established that U.S. Bank is a citizen of Ohio.

  **4. CAL-WESTERN**

  Circuit law teaches that courts should "ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3200 GAF (JCGx) | Date | June 16, 2011 |
|---|---|---|---|
| Title | Marcos S Silva et al v. Wells Fargo Bank NA et al | | |

conveying the title if adjudged to the complainant." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000). "[T]he burden of demonstrating that the defendant is a nominal party rest[s] with the removing party." Wells Fargo Bank, Nat'l Ass'n v. Charlotte Overlook Apartments, LLC, No. 10-411, 2011 WL 2224470, at *3 (W.D.N.C. Apr. 21, 2011); see also Tureaud v. Kephart, No. 09-7269, 2010 WL 1254372, at *2 (E.D. La. Mar. 24, 2010); Fed. Ins. Co v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 389 (S.D.N.Y. 2006).

Here, Removing Defendants argue that Cal-Western is a nominal party because it is not a beneficiary of the Deed of Trust, but rather merely the trustee who acts as agent for the foreclosing beneficiary. (Not. ¶ 9.) Removing Defendants contend that the fact that Cal-Western filed a declaration of non-monetary status in state court confirms this. (Id.; Opp. at 8.)

The fact that Cal-Western filed a declaration of non-monetary status in state court, without more, does not establish that it is a nominal defendant. California Civil Code section 2924l allows a trustee with no financial interest in a case to avoid participation, and become a nominal party, by filing such a declaration. As one district court has explained:

> Under California Civil Code § 2924l(a), if a trustee maintains a reasonable belief that it has been named in an action solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee, then it may file a declaration of nonmonetary status. Cal. Civ.Code § 2924l(a). Once such a declaration is filed, the other parties to the action have fifteen days in which to object. Cal. Civ.Code § 2924l(c). If no objection is served within the fifteen days, the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, but shall be bound by any court order relating to the subject deed of trust that is the subject of the action. Cal. Civ.Code § 2924l(d).

Tabula v. Wash. Mut. Bank, No. 10-5819, 2011 WL 1302800, at *1 n.1 (N.D. Cal. Feb. 28, 2011).

District courts have recognized that defendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction purposes. Rivera v. Aurora Loan Servs. LLC, No. 09-2686, 2010 WL 1709376, at *2 (S.D. Cal. Apr. 26, 2010); Lawrence v. Aurora Loan Servs. LLC, No. 09-1598, 2010 WL 449734, at *4 (E.D. Cal. Feb. 8, 2010); Figueiredo v. Aurora Loan, No. 09-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3200 GAF (JCGx) | Date | June 16, 2011 |
|---|---|---|---|
| Title | Marcos S Silva et al v. Wells Fargo Bank NA et al | | |

4784, 2009 WL 5184472, at *1 (N.D. Cal. Dec. 22, 2009); Delgado v. Bank of Am. Corp., No. 09-1638, 2009 WL 4163525, at *4–5 (E.D. Cal. Nov. 23, 2009). However, "[a] party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection." Sun v. Bank of Am. Corp., No. 10-0004, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010); accord Wise v. Suntrust Mortg., Inc., No. 11-1360, 2011 WL 1466153, at *4 (N.D. Cal. Apr. 18, 2011). Here, Removing Defendants filed their notice of removal before the 15 days had passed. Cal-Western filed its declaration of non-monetary status on April 8, 2011 (Not., Ex. 2), and Removing Defendants filed their notice of removal only six days later, on April 14, 2011 (Docket No. 1). Thus, at the time of removal, Cal-Western had not yet become a nominal party by virtue of its declaration of non-monetary status. Removing Defendants must show that diversity of citizenship existed at the time of removal. Wise, 2011 WL 1466153, at *4 (citing Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002)). At the time of removal, the declaration of non-monetary status had not rendered Cal-Western a nominal party whose citizenship was irrelevant for diversity purposes.

Thus, Removing Defendants must demonstrate other reasons why Cal-Western was a nominal party as of the time of removal. Removing Defendants suggest that Cal-Western is a nominal party because it is "neither the beneficiary on Plaintiffs' Deed of Trust, nor the real party in interest as to any of Plaintiffs' claims." (Not. ¶ 9.) Rather, Removing Defendants explain, Cal-Western is merely the trustee who acts as agent for the foreclosing beneficiary. (Id.) The Court acknowledges that the trustee on a deed of trust is often a nominal party. E.g., Reynoso v. Paul Fin., LLC, No. 09-3225, 2009 WL 3833494, at *1 (N.D. Cal. Nov. 16, 2009); Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009); Lawrence, 2010 WL 449734, at *4. Nonetheless, Plaintiffs' complaint here on its face asserts claims against all defendants, including Cal-Western, for money damages, including for damage to their credit rating and home value, and for emotional and physical distress. (See Compl. ¶¶ 23–35.) Plaintiffs' complaint further accuses Cal-Western of including false statements in the Notice of Default and failing to include certain required information in the Notice of Default. (Id. ¶¶ 24–28, 32.) Removing Defendants might argue that Cal-Western is immune from liability for these actions under California Civil Code section 2924, which immunizes trustees from liability for claims in connection with executing a nonjudicial foreclosure. See Cal. Civil Code §§ 2924(b), (d); Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1062 (E.D. Cal. 2009) ("[A] trustee's actions in executing a non-judicial foreclosure are privileged communications under Cal. Civ.Code section 47, and as such will not support a tort claim other than one for malicious prosecution."). Removing Defendants, however, have not made this argument and thus have not met their burden to prove that Cal-Western is a nominal party whose citizenship does not count for diversity jurisdiction purposes. Moreover, it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3200 GAF (JCGx) | Date | June 16, 2011 |
|---|---|---|---|
| Title | Marcos S Silva et al v. Wells Fargo Bank NA et al | | |

unclear whether this argument would prevail in any event: It is unclear whether these provisions would also apply where, as here, the plaintiff alleges that the foreclosing trustee was not <u>actually</u> the trustee authorized to initiate non-judicial foreclosure proceedings (see Compl. ¶¶ 24, 30).

For these reasons, Removing Defendants have not met their burden to show that, as of the time of removal, Cal-Western was a nominal party whose citizenship can be disregarded for purposes of determining the existence of diversity jurisdiction. Removing Defendants have not alleged Cal-Western's citizenship, and thus have not established that it is diverse from Plaintiffs. The Court notes that other cases indicate that Cal-Western is a citizen of California, and thus is not diverse from Plaintiffs. <u>E.g.</u>, <u>Sherman v. Wells Fargo Bank, N.A.</u>, No. 11-0054, 2011 WL 1833090, at *2 (E.D. Cal. May 12, 2011); <u>Cheng v. Wells Fargo Bank, N.A.</u>, No. 10-1764, 2010 WL 4923045, at *1 (C.D. Cal. Dec. 2, 2010); <u>Rivera v. Aurora Loan Servs. LLC</u>, No. 09-2686, 2010 WL 1709376, at *2 (S.D. Cal. Apr. 26, 2010).

Because Defendants have not met their burden to show that Cal-Western was a nominal defendant as of the time of removal, the Court must consider its California citizenship for purposes of determining diversity jurisdiction. Considering this citizenship, it is clear that Plaintiffs and Cal-Western are citizens of the same state and that complete diversity is therefore lacking. This Court accordingly lacks subject matter jurisdiction over this matter, and the case must therefore be remanded. The motion to remand is accordingly hereby **GRANTED**.

### 5. NEW CENTURY

Because Cal-Western's citizenship destroys complete diversity, the Court need not consider whether Removing Defendants have shown that New Century's citizenship does not count for diversity jurisdiction purposes.

### C. PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES

In their motion to remand, Plaintiffs also seek attorneys' fees and costs incurred in filing the motion to remand. (Mem. at 15.) Under 28 U.S.C. § 1447(c), the Court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). If "an objectively reasonable basis exists, fees should be denied." <u>Id.</u>

LINK: 7
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3200 GAF (JCGx) | Date | June 16, 2011 |
|---|---|---|---|
| Title | Marcos S Silva et al v. Wells Fargo Bank NA et al | | |

The Court does not find that Removing Defendants lacked an objectively reasonable basis for seeking removal. As explained above, the Court concludes that Removing Defendants adequately established the diverse citizenships of Wells Fargo and U.S. Bank. Although the Court disagrees with Removing Defendants' argument that Cal-Western's citizenship can be disregarded, that argument is not objectively unreasonable. As noted above, defendants who have filed a declaration of non-monetary status are often treated as nominal defendants, and Removing Defendants were not objectively unreasonable in seeking to rely on such a declaration to establish Cal-Western's nominal party status here.

Finally, Removing Defendants' argument that New Century's citizenship can be disregarded under the fraudulent joinder doctrine is also not objectively unreasonable. Under the doctrine of fraudulent joinder, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotations and alteration omitted). Removing Defendants argued that Plaintiffs had failed to state a cause of action against New Century because it did not allege any specific wrongdoing by that defendant. (Not. ¶ 10.) The complaint in fact does not allege any specific wrongdoing by New Century, and Removing Defendants' argument thus is not objectively unreasonable.

For these reasons, Plaintiffs' request for attorneys' fees is **DENIED**.

### III. CONCLUSION

Plaintiffs' motion to remand is **GRANTED** and this case is **REMANDED** to Los Angeles County Superior Court. Plaintiffs' request for attorneys' fees under 28 U.S.C. § 1447 is **DENIED**. The hearing on this motion presently scheduled for June 27, 2011, is hereby **VACATED**.

**IT IS SO ORDERED.**